# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF MASSACHUSETTS

_____
                                          )
**MEG DeAVILLA FOX**                      )
    **Plaintiff**      )
                                          )          **Civil Action No.: 14-12260-MLW**
**V.**                                    )
                                          )
**HOLLAND AMERICA LINE, INC.**            )
**HAL ANTILLEN N.V., HAL**                )
**MARITIME LIMITED, HOLLAND**             )
**AMERICA LINE, N.V.**                    )
                                          )
    **Defendants**     )
_____)


## PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

### General Factual Allegations

1.      The Plaintiff,  Meg DeAvilla Fox, is a resident of Fort Lauderdale, Florida and had resided in Massachusetts up and until January 2014.

2.      The Defendant, Holland America Line N.V., is a foreign corporation formed and existing and existing by the laws of Curacao.

3.      The Defendant, Holland America Line, Inc., is a corporation duly organized and existing under the laws of the State of Washington and a principal place of business in Seattle, King County, Washington.

4.      The Defendant, HAL Antillen N.V., is a foreign corporation formed and existing and existing by the laws of Curacao.

5.      The Defendant, HAL Maritime Limited, is a corporation duly organized and

existing under the laws of the State of Washington.

6.    On or about July 19, 2011, the Defendant, Holland America Line N.V., was doing business within the Commonwealth of Massachusetts.

7.    On or about July 19, 2011, the Defendant, HAL Antillen N.V., was doing business within the Commonwealth of Massachusetts.

8.    On or about July 19, 2011, the Defendant, HAL Maritime Limited, was doing business within the Commonwealth of Massachusetts.

9.    On or about July 19, 2011, the Defendant, Holland America Line, Inc., was doing business within the Commonwealth of Massachusetts.

10.    During 2010 and 2011, the Defendant, Holland America Line N.V., was doing business within the Commonwealth of Massachusetts.

11    During 2010 and 2011, the Defendant, HAL Antillen N.V., was doing business within the Commonwealth of Massachusetts.

12.    During 2010 and 2011, the Defendant, HAL Maritime Limited, was doing business within the Commonwealth of Massachusetts.

13.    During 2010 and 2011, the Defendant, Holland America Line, Inc., was doing business within the Commonwealth of Massachusetts

14.    On or about July 19, 2011, the Plaintiff, Meg DeAvilla Fox, was employed by the Defendant, Holland America Line N.V.

15.    On or about July 19, 2011, the Plaintiff, Meg DeAvilla Fox, was employed by the Defendant, HAL Antillen N.V.

16.    On or about July 19, 2011, the Plaintiff, Meg DeAvilla Fox, was employed by the

Defendant, HAL Maritime Limited.

17.     On or about July 19, 2011, the Plaintiff, Meg DeAvilla Fox, was employed by the Defendant, Holland America Line, Inc.

18.     On or about July 19, 2011, the Plaintiff, Meg DeAvilla Fox, was employed by the Defendant, Holland America Line N.V., as a seaman, and a member of the crew of the MS ZAANDAM.

19.     On or about July 19, 2011, the Plaintiff, Meg DeAvilla Fox, was employed by the Defendant, HAL Antillen N.V., as a seaman, and a member of the crew of the MS ZAANDAM.

20.     On or about July 19, 2011, the Plaintiff, Meg DeAvilla Fox, was employed by the Defendant, HAL Maritime Limited, as a seaman, and a member of the crew of the MS ZAANDAM.

21.     On or about July 19, 2011, the Plaintiff, Meg DeAvilla Fox, was employed by the Defendant, Holland America Line, Inc., as a seaman, and a member of the crew of the MS ZAANDAM.

22.     On or about July 19, 2011, the Defendant, Holland America Line N.V., owned the MS ZAANDAM.

23.     On or about July 19, 2011, the Defendant, HAL Antillen N.V., owned the MS ZAANDAM.

24.     On or about July 19, 2011, the Defendant, HAL Maritime Limited, owned the MS ZAANDAM.

25.     On or about July 19, 2011, the Defendant, Holland America Line, Inc., owned the MS ZAANDAM.

26.     The Defendant, Holland America Line N.V., chartered the MS ZAANDAM from some other person or entity such that on or about July 19, 2011, the Defendant, Holland America Line N.V. was the owner pro hac vice of the MS ZAANDAM.

27.     The Defendant, HAL Antillen N.V., chartered the MS ZAANDAM from some other person or entity such that on or about July 19, 2011, the Defendant, HAL Antillen N.V. was the owner pro hac vice of the MS ZAANDAM.

28.     The Defendant, HAL Maritime Limited, chartered the MS ZAANDAM from some other person or entity such that on or about July 19, 2011, the Defendant, HAL Maritime Limited was the owner pro hac vice of the MS ZAANDAM.

29.     The Defendant, Holland America Line, Inc., chartered the MS ZAANDAM from some other person or entity such that on or about July 19, 2011, the Defendant, Holland America Line, Inc. was the owner pro hac vice of the MS ZAANDAM.

30.     On or about July 19, 2011, the Defendant, Holland America Line N.V. operated the MS ZAANDAM.

31.     On or about July 19, 2011, the Defendant, HAL Antillen N.V. operated the MS ZAANDAM.

32.     On or about July 19, 2011, the Defendant, HAL Maritime Limited operated the MS ZAANDAM.

33.     On or about July 19, 2011, the Defendant, Holland America Line, Inc. operated the MS ZAANDAM.

34.     On or about July 19, 2011, the Defendant, Holland America Line N.V., or the Defendant's agents, servants, and/or employees, controlled the MS ZAANDAM.

4

35.     On or about July 19, 2011, the Defendant, HAL Antillen N.V., or the Defendant's agents, servants, and/or employees, controlled the MS ZAANDAM.

36.     On or about July 19, 2011, the Defendant, HAL Maritime Limited, or the Defendant's agents, servants, and/or employees, controlled the MS ZAANDAM.

37.     On or about July 19, 2011, the Defendant, Holland America Line, Inc., or the Defendant's agents, servants, and/or employees, controlled the MS ZAANDAM.

38.     On or about July 19, 2011, the MS ZAANDAM was in navigable waters.

39.     On or about July 19, 2011, while in the in the performance of her duties in the service of the MS ZAANDAM, the Plaintiff, Meg DeAvilla Fox, sustained personal injuries.

40.     Prior to and at the time she sustained the above-mentioned personal injuries, the Plaintiff, Meg DeAvilla Fox, was exercising due care.

**<u>Jurisdiction</u>**

41.     This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104, <u>et.</u> <u>seq.</u> (formerly § 688 <u>et.</u> <u>seq.</u>).

42.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332 and 28 U.S.C. § 1333.

**<u>COUNT I</u>**
**<u>Meg DeAvilla Fox v. Holland America Line N.V.</u>**
**(JONES ACT NEGLIGENCE)**

43.     The Plaintiff, Meg DeAvilla Fox, reiterates the allegations set forth in paragraphs 1 through 42 above.

44.     The personal injuries sustained by the Plaintiff, Meg DeAvilla Fox, were not

caused by any fault on her part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

45.     As a result of said injuries, the Plaintiff, Meg DeAvilla Fox, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

46.     This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Meg DeAvilla Fox, demands judgment against the Defendant, Holland America Line N.V., in an amount to be determined by a jury together with interest and costs.

**COUNT II**
**Meg DeAvilla Fox v. Holland America Line N.V.**
**(GENERAL MARITIME LAW - UNSEAWORTHINESS)**

47.     The Plaintiff, Meg DeAvilla Fox, reiterates the allegations set forth in paragraphs 1 through 42 above.

48.     The personal injuries sustained by the Plaintiff, Meg DeAvilla Fox, were due to no fault of hers, but were caused by the Unseaworthiness of the MS ZAANDAM.

49.     As a result of said injuries, the Plaintiff, Meg DeAvilla Fox, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

50.     This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Meg DeAvilla Fox, demands judgment against the

Defendant, Holland America Line N.V., in an amount to be determined by a jury together with interest and costs.

## COUNT III
### Meg DeAvilla Fox v. Holland America Line N.V.
### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

51.    The Plaintiff, Meg DeAvilla Fox, reiterates all of the allegations set forth in Paragraphs 1 through 42 above.

52.    As a result of the personal injuries described in paragraph 39 above, the Plaintiff, Meg DeAvilla Fox, has incurred and will continue to incur expenses for her maintenance and cure.

WHEREFORE, the Plaintiff, Meg DeAvilla Fox, demands judgment against the Defendant, Holland America Line N.V., in an amount to be determined by a jury together with costs and interest.

## COUNT IV
### Meg DeAvilla Fox v. Holland America Line N.V.
### (GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT
### FAILURE TO PROVIDE MAINTENANCE and CURE)

53.    The Plaintiff, Meg DeAvilla Fox, reiterates the allegations set forth in paragraphs 1 through 42 above.

54.    As a result of the personal injuries described in paragraph 39 above, the Plaintiff, Meg DeAvilla Fox, has incurred and will continue to incur expenses for her maintenance and cure.

55.    The Plaintiff, Meg DeAvilla Fox, has made demand upon the Defendant, Holland America Line N.V., for the provision of maintenance and cure.

56.     The Defendant, Holland America Line N.V., has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

57.     As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical and hospital expenses, attorney's fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Meg DeAvilla Fox, demands judgment against the Defendant, Holland America Line N.V., in an amount to be determined by a jury as compensatory damages and punitive damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorney's fees.

## COUNT V
## Meg DeAvilla Fox v. HAL Antillen N.V.
### (JONES ACT NEGLIGENCE)

58.     The Plaintiff, Meg DeAvilla Fox, reiterates the allegations set forth in paragraphs 1 through 42 above.

59.     The personal injuries sustained by the Plaintiff, Meg DeAvilla Fox, were not caused by any fault on her part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

60.     As a result of said injuries, the Plaintiff, Meg DeAvilla Fox, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

61.     This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Meg DeAvilla Fox, demands judgment against the Defendant, HAL Antillen N.V., in an amount to be determined by a jury together with interest and costs.

## COUNT VI
### Meg DeAvilla Fox v. HAL Antillen N.V.
### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

62.     The Plaintiff, Meg DeAvilla Fox, reiterates the allegations set forth in paragraphs 1 through 42 above.

63.     The personal injuries sustained by the Plaintiff, Meg DeAvilla Fox, were due to no fault of hers, but were caused by the Unseaworthiness of the MS ZAANDAM.

64.     As a result of said injuries, the Plaintiff, Meg DeAvilla Fox, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

65.     This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count V.

WHEREFORE, the Plaintiff, Meg DeAvilla Fox, demands judgment against the Defendant, HAL Antillen N.V., in an amount to be determined by a jury together with interest and costs.

## COUNT VII
### Meg DeAvilla Fox v. HAL Antillen N.V.
### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

66.     The Plaintiff, Meg DeAvilla Fox, reiterates all of the allegations set forth in

Paragraphs 1 through 42 above.

67. As a result of the personal injuries described in paragraph 39 above, the Plaintiff, Meg DeAvilla Fox, has incurred and will continue to incur expenses for her maintenance and cure.

WHEREFORE, the Plaintiff, Meg DeAvilla Fox, demands judgment against the Defendant, HAL Antillen N.V., in an amount to be determined by a jury together with costs and interest.

**COUNT VIII**
**Meg DeAvilla Fox v. HAL Antillen N.V.**
**(GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE and CURE)**

68. The Plaintiff, Meg DeAvilla Fox, reiterates the allegations set forth in paragraphs 1 through 42 above.

69. As a result of the personal injuries described in paragraph 39 above, the Plaintiff, Meg DeAvilla Fox, has incurred and will continue to incur expenses for her maintenance and cure.

70. The Plaintiff, Meg DeAvilla Fox, has made demand upon the Defendant, HAL Antillen N.V., for the provision of maintenance and cure.

71. The Defendant, HAL Antillen N.V., has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

72. As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without

10

limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical and hospital expenses, attorney's fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Meg DeAvilla Fox, demands judgment against the Defendant, HAL Antillen N.V., in an amount to be determined by a jury as compensatory damages and punitive damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorney's fees.

## COUNT IX
## Meg DeAvilla Fox v. HAL Maritime Limited
### (JONES ACT NEGLIGENCE)

73.     The Plaintiff, Meg DeAvilla Fox, reiterates the allegations set forth in paragraphs 1 through 42 above.

74.     The personal injuries sustained by the Plaintiff, Meg DeAvilla Fox, were not caused by any fault on her part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

75.     As a result of said injuries, the Plaintiff, Meg DeAvilla Fox, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

76.     This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Meg DeAvilla Fox, demands judgment against the Defendant, HAL Maritime Limited, in an amount to be determined by a jury together with interest and costs.

## COUNT X
### Meg DeAvilla Fox v. HAL Maritime Limited
### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

77.    The Plaintiff, Meg DeAvilla Fox, reiterates the allegations set forth in paragraphs

1 through 42 above.

78.    The personal injuries sustained by the Plaintiff, Meg DeAvilla Fox, were due to

no fault of hers, but were caused by the Unseaworthiness of the MS ZAANDAM.

79.    As a result of said injuries, the Plaintiff, Meg DeAvilla Fox, has suffered pain of

body and anguish of mind, lost time from her usual work and pursuits, incurred medical

expenses, and has sustained and will sustain other damages as will be shown at trial.

80.    This cause of action is brought under the General Maritime Law for

Unseaworthiness and is for the same cause of action as Count IX.

WHEREFORE, the Plaintiff, Meg DeAvilla Fox, demands judgment against the

Defendant, HAL Maritime Limited, in an amount to be determined by a jury together with

interest and costs.

## COUNT XI
### Meg DeAvilla Fox v. HAL Maritime Limited
### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

81.    The Plaintiff, Meg DeAvilla Fox, reiterates all of the allegations set forth in

Paragraphs 1 through 42 above.

82.    As a result of the personal injuries described in paragraph 39 above, the Plaintiff,

Meg DeAvilla Fox, has incurred and will continue to incur expenses for her maintenance and

cure.

WHEREFORE, the Plaintiff, Meg DeAvilla Fox, demands judgment against the

Defendant, HAL Maritime Limited, in an amount to be determined by a jury together with costs and interest.

**COUNT XII**
**Meg DeAvilla Fox v. HAL Maritime Limited**
**(GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT**
**FAILURE TO PROVIDE MAINTENANCE and CURE)**

83.     The Plaintiff, Meg DeAvilla Fox, reiterates the allegations set forth in paragraphs 1 through 42 above.

84.     As a result of the personal injuries described in paragraph 39 above, the Plaintiff, Meg DeAvilla Fox, has incurred and will continue to incur expenses for her maintenance and cure.

85.     The Plaintiff, Meg DeAvilla Fox, has made demand upon the Defendant, HAL Maritime Limited, for the provision of maintenance and cure.

86.     The Defendant, HAL Maritime Limited, has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

87.     As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical and hospital expenses, attorney's fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Meg DeAvilla Fox, demands judgment against the Defendant, HAL Maritime Limited, in an amount to be determined by a jury as compensatory

13

damages and punitive damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorney's fees.

## COUNT XIII
## Meg DeAvilla Fox v. Holland America Line, Inc.
### (JONES ACT NEGLIGENCE)

88.     The Plaintiff, Meg DeAvilla Fox, reiterates the allegations set forth in paragraphs 1 through 42 above.

89.     The personal injuries sustained by the Plaintiff, Meg DeAvilla Fox, were not caused by any fault on her part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

90.     As a result of said injuries, the Plaintiff, Meg DeAvilla Fox, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

91.     This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Meg DeAvilla Fox, demands judgment against the Defendant, Holland America Line, Inc., in an amount to be determined by a jury together with interest and costs.

## COUNT XIV
## Meg DeAvilla Fox v. Holland America Line, Inc.
### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

92.     The Plaintiff, Meg DeAvilla Fox, reiterates the allegations set forth in paragraphs 1 through 42 above.

93.     The personal injuries sustained by the Plaintiff, Meg DeAvilla Fox, were due to

14

no fault of hers, but were caused by the Unseaworthiness of the MS ZAANDAM.

94.     As a result of said injuries, the Plaintiff, Meg DeAvilla Fox, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

95.     This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count XIII.

WHEREFORE, the Plaintiff, Meg DeAvilla Fox, demands judgment against the Defendant, Holland America Line, Inc. in an amount to be determined by a jury together with interest and costs.

**COUNT XV**
**Meg DeAvilla Fox v. Holland America Line, Inc.**
**(GENERAL MARITIME LAW - MAINTENANCE and CURE)**

96.     The Plaintiff, Meg DeAvilla Fox, reiterates all of the allegations set forth in Paragraphs 1 through 42 above.

97.     As a result of the personal injuries described in paragraph 39 above, the Plaintiff, Meg DeAvilla Fox, has incurred and will continue to incur expenses for her maintenance and cure.

WHEREFORE, the Plaintiff, Meg DeAvilla Fox, demands judgment against the Defendant, Holland America Line, Inc., in an amount to be determined by a jury together with costs and interest.

**COUNT XVI**
**Meg DeAvilla Fox v. Holland America Line, Inc.**
**(GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT**
**FAILURE TO PROVIDE MAINTENANCE and CURE)**

98.     The Plaintiff, Meg DeAvilla Fox, reiterates the allegations set forth in paragraphs 1 through 42 above.

99.     As a result of the personal injuries described in paragraph 39 above, the Plaintiff, Meg DeAvilla Fox, has incurred and will continue to incur expenses for her maintenance and cure.

100.    The Plaintiff, Meg DeAvilla Fox, has made demand upon the Defendant, Holland America Line, Inc., for the provision of maintenance and cure.

101.    The Defendant, Holland America Line, Inc., has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

102.    As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical and hospital expenses, attorney's fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Meg DeAvilla Fox, demands judgment against the Defendant, Holland America Line, Inc., in an amount to be determined by a jury as compensatory damages and punitive damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorney's fees.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES
RAISED IN COUNTS I-XVI.**

Respectfully submitted for the
the Plaintiff, Meg DeAvilla Fox,
by her attorneys,

/s/ Carolyn M. Latti
Carolyn M. Latti, BBO #567394
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000
clatti@lattianderson.com

Dated: July 21, 2014

CERTIFICATE OF ELECTRONIC SERVICE

     I hereby certify that on the above date, I electronically filed the above pleading with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/Carolyn M. Latti
Carolyn M. Latti